# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronnie Taylor,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Rent Recovery Solutions, LLC,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**AMENDED COMPLAINT**<br><br>**AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Ronnie Taylor, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff Ronnie Taylor (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Rent Recovery Solutions, LLC (hereinafter "Defendant"), is a Foreign Corporation, organized under the laws of Georgia, operating from an address of: 2814 Spring Road, Suite #301, Atlanta, GA 30339.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with Buckingham / Siegel Management, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Sometime on or before January 26, 2015, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff. See **EXHIBIT** 1.

11. On or about January 26, 2015, Defendant sent a collection letter to Plaintiff offering to settle this alleged debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). Defendants' letter states:

> This settlement offer is time sensitive. Funds in the full settlement offer amount must be received by this office no later than 02/21/15 in order to receive this discount and the *credit reporting advantage*. After that date, we will *continue collection activity against you for the full amount*.

See **EXHIBIT** 1 (*emphasis added*).

12. On or about February 9, 2015, Defendant sent Plaintiff a letter with additional documentation enclosed. *See* **EXHIBIT** 2

13. The additional documentation enclosed in the February 9, 2015 letter included a copy of page 1 of a Rental Agreement, and a letter dated August 14, 2006 from The Buckingham Apartments which indicates that the alleged debt was in default in 2006. *See* **EXHIBIT** 2

14. The amount in default according to the August 14, 2006 letter was $3,088.00.

15. The balance on Defendant's January 26, 2015 letter was $3,088.00.

16. Fair Credit Reporting Act 15 U.S. 1681c(a) provides:

> Except as authorized under subsection (b) of this section, no consumer reporting agency may make any consumer report containing any of the following items of information:
>
> …
>
> (4) Accounts place for collection or charged to profit and loss which antedate the report by more than seven years.

3

17. On or about February 13th & 16th, 2015 Plaintiff called Defendant to discuss the documents that were sent to him in the February 9, 2015 letter.

18. In those conversations Defendant's employees "Lisa" and "Dave" indicated that because the debt was placed in their office in 2010 they would continue to collect it and report it to the credit bureaus until 2017.

19. Defendant's communications with Plaintiff created misleading impression(s) as to the consequences of making a payment and the legal status of the debt thereby violating the FDCPA, 15 U.S.C. § 1692e *generally* and 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(2)(A); and 15 U.S.C. § 1692e(6) *specifically*.

20. Plaintiff has incurred actual damages in the form of stress, anxiety, cluster headaches, embarrassment, diminished work performance, withdrawal from relationships, sleeplessness, as well as, other forms of emotional distress.

21. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

**Respondeat Superior Liability**

22. The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

23. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

25. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. VII. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

27. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

28. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

29. As a result of said violations, Plaintiff has suffered actual damages in the form of stress, anxiety, cluster headaches, embarrassment, diminished work performance, withdrawal from relationships, sleeplessness, as well as, other forms of emotional distress, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

30. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

Dated:  May 20, 2015.                **MARSO & MICHELSON, P.A.**

By:   s/Marcus J. Hinnenthal
Marcus J. Hinnenthal (#0386756)
Blake R. Bauer (#0396262)
Attorneys for the Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817